UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WINKLER LAW LLC, | ) | |
|         Plaintiff | ) | Civil Action No. 20-12125 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| VETERANS AFFAIRS, | ) | |
| | ) | |
|         Defendant | ) | |

## COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff Winkler Law LLC. ("Winkler Law") seeks the immediate processing and release of agency records it requested on September 2, 2020 from the United States Department of Veterans Affairs (VA), through six medical centers operated by the Veterans Health Administration, a component of the VA. Winkler Law has yet to receive a single communication or responsive document from VA.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii).

3. Venue lies in this district, where Winkler Law has its principal place of business, under 5 U.S.C. § 552(a)(4)(B).

## The Parties

4. Winkler Law LLC is a professional limited liability company with a principal place of business at 120 Holmes Street, Suite 313, Quincy, Massachusetts, 02171.

5. The U.S. Department of Veterans Affairs ("VA") is a federal agency headquartered at 810 Vermont Ave. NW, Washington DC 20420. VA has possession, custody, and control over records sought by Plaintiff. VA is an agency within the meaning of 5 U.S.C. 552(f)(1).

## VA FOIA PROCESS

6. The VA has a decentralized system for handling FOIA requests and instructs requestors to contact the FOIA office where the records are maintained.

7. The records sought by the Plaintiff are maintained in individual Veterans Health Administration medical centers (VA Medical Centers).

8. Because of Covid-19, the VA is not accepting hard copy FOIA requests. Instead, the VA currently instructs requestors to send requests through e-mail, and provides e-mail contact information for designated FOIA officers at each VA facility, including its VA Medical Centers.

## FACTS

9. Since Covid-19 began, the VA, like other healthcare providers, has struggled to purchase sufficient personal protective equipment ("PPE") for staff and patients at the VA's various medical centers and outpatient clinics.

10. Each VA Medical Center directly purchases most supply requirements, including PPE, for direct delivery through its local acquisition office. Vendors are encouraged by the VA

to contact each facility individually for inclusion in the procurement process.

11. In March 2020, Attorney General William Barr announced a nationwide task force devoted to address Covid-19 related market manipulation, price-gouging and hoarding. The task force was directed to develop effective enforcement measures and best practices, work closely with other agencies empowered to designate particular items and equipment as scarce, and coordinate nationwide investigations and prosecutions of these illicit activities.

12. The U.S. Attorney's Office in Boston (the "USAO") is participating in the task force and, among other things, is investigating one or more sellers of PPE for hoarding and/or possible price gouging in sales to VA Medical Centers and other healthcare customers.

13. The question of what conduct might constitute price gouging is determined, at least in part, by market prices for PPE at the time sales were made to various clients.

14. Market prices of PPE increased significantly between March and June 2020, during the first phase of the Covid-19 pandemic, as various governmental entities and healthcare providers competed with one another to buy the necessary PPE for their staff and patients.

15. Disclosure of the prices at which PPE was actually being purchased by particular VA Medical Centers is in the public interest to ensure that the conduct by the current targets of the USAO's investigation is fairly and justly evaluated in the light of the actual market prices for PPE at the times at which PPE was sold to VA Medical Centers and others.

16. On September 2, 2020, Winkler Law served FOIA requests on the following VA Medical Centers by email at the email addresses for FOIA requests that are provided by the VA on its website:

a. Edith Nourse Rogers Memorial Veterans Hospital
   Bedford, Massachusetts.  Exhibit A, hereto.

   All purchase orders and invoices regarding N-95 masks purchased by your facility between April 15 and May 15, 2020.  This request includes, without limitation, all purchases from all suppliers.

b. VA North Texas Health Care System
   Dallas, Texas.  Exhibit B, hereto.

   All purchase orders and invoices regarding (1) N-95 masks and (2) face shields purchased be your facility between April 1 and May 5, 2020.  This request includes, without limitation, all purchases from all suppliers.

c. Marion VA Medical Center
   Marion, Illinois.  Exhibit C, hereto.

   All purchase orders and invoices regarding (1) N-95 masks; (2) face shields; (3) nitrile gloves; and (4) gowns that were purchased by your Marion, Illinois and Evansville, Indiana facilities between March 15 and April 30, 2020.  This request includes, without limitation, all purchases from all suppliers.

d. Charlie Norwood VA Medical Center
   Augusta, Georgia.  Exhibit D, hereto.

   All purchase orders and invoices regarding 3-ply, non-medical masks purchased by your facility between May 15 and June 15, 2020.  This request includes, without limitation, all one-time purchases from all suppliers.

e. Togus VA Medical Center
   Augusta, Maine.  Exhibit E, hereto.

   All purchase orders and invoices regarding N-95 masks purchased by your facility between May 1 and June 15, 2020.  This request includes, without limitation, all purchases from all suppliers.

f. VA Central Iowa Health Care System
   Des Moines, Iowa.  Exhibit F, hereto.

   All purchase orders and invoices regarding N-95 masks purchased by your facility between April 1 and April 30, 2020.  This request includes, without limitation, all purchases from all suppliers.

17. The e-mail provided by the VA for the FOIA offices set forth in Paragraphs 13d, e, and f, above, were returned as undeliverable. As instructed on the VA's website, Winkler Law then sent those three requests by e-mail to the general FOIA e-mail specified by the VA on its website for the VHA Central Office for routing to the appropriate responder. Exhibit G, hereto.

18. More than two months since service of the six FOIA requests, Winkler Law has received no communication from the VA whatsoever, and no record or document has been provided in response to its FOIA requests.

## Cause of Action

### *Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records*

19. Plaintiff Winkler Law repeats and realleges paragraphs 1–18.

20. Defendant VA, through its acts and omissions, has wrongfully withheld agency records requested by Plaintiff Winkler Law.

21. Plaintiff Winkler Law has exhausted its administrative remedies with respect to Defendant VA's wrongful withholding of the requested records because Defendant VA has not responded within the time limits set forth in 5 U.S.C. § 552(a)(6)(A). See, 5 U.S.C. § 552(a)(6)(C).

22. Plaintiff Winkler Law is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## **Requested Relief**

**WHEREFORE,** Plaintiff Winkler Law prays that this Court:

A. Declare that Defendant has violated FOIA;

B. Order Defendant to conduct a reasonable search for records and to produce the requested records expeditiously;

C. Award Plaintiff Winkler Law costs and reasonable fees incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

D. Grant such other relief as the Court may deem just and proper.

        Respectfully Submitted,

Dated: November 26, 2020

s/ *Susan G. Winkler*
Susan G. Winkle4
BBO #530682
Winkler Law LLC
120 Holmes St., Suite 313
Quincy, MA 02171
(617) 642-6671
winkler.susan@gmail.com

September 1, 2020

<u>VIA EMAIL</u>
vhabedfoia@va.gov

Stacey Wallace (or alternate)
Freedom of Information Act Officer
Edith Nourse Rogers Memorial Veterans Hospital
200 Springs Road
Bedford, MA 01730

RE:  <u>Freedom of Information Act Request</u>

Dear Ms. Wallace:

This is a request under the Freedom of Information Act.  I hereby request copies of:

> All purchase orders and invoices regarding N-95 masks purchased by your facility between April 15 and May 15, 2020.  This request includes, without limitation, all purchases from all suppliers.

As FOIA requires, please release all reasonably segregable nonexempt portions of documents.

Please note that 5 U.S.C. Section 552(a)(4)(A)(iv)(II) requires that you provide the first 100 copies to me at no charge.  Electronic production by email to winkler.susan@gmail.com is acceptable.  Further, I am requesting a waiver of all fees under 5 U.S.C. Section 552(a)(4)(A)(iii).  The information I seek is in the public interest because it will contribute significantly to public understanding of the operations or activities of the government during the pandemic, and is not primarily in my commercial interest.  If the fee for production is expected to exceed $35.00, please contact me first to discuss the cost before proceeding beyond the first 100 copies.

If you have any questions regarding this request, please contact me at winkler.susan@gmail.com.  I look forward to receiving your response within the twenty day statutory time period.  Thank you for your consideration of this request.

Sincerely,

/s/  Susan Winkler

Susan Winkler
Winkler Law LLC
120 Holmes Street, Suite 313
Quincy, MA 02171
(617) 642-6671

Exhibit A

September 1, 2020

VIA EMAIL
549foia@va.gov

Cheryl Johnson (or alternate)
Freedom of Information Act Officer
VA North Texas Health Care System
4500South Lancaster Road
Dallas, TX 75216

RE:  Freedom of Information Act Request

Dear Ms. Johnson:

This is a request under the Freedom of Information Act.  I hereby request copies of:

> All purchase orders and invoices regarding (1) N-95 masks and (2) face shields purchased by your facility between April 1 and May 5, 2020.  This request includes, without limitation, all purchases from all suppliers.

As FOIA requires, please release all reasonably segregable nonexempt portions of documents.

Please note that 5 U.S.C. Section 552(a)(4)(A)(iv)(II) requires that you provide the first 100 copies to me at no charge.  Electronic production by email to winkler.susan@gmail.com is acceptable.  However, I am requesting a waiver of all fees under 5 U.S.C. Section 552(a)(4)(A)(iii).  The information I seek is in the public interest because it will contribute significantly to public understanding of the operations or activities of the government during the pandemic, and is not primarily in my commercial interest.  If the fee for production is expected to exceed $35.00, please contact me first to discuss the cost before proceeding beyond the first 100 copies.

If you have any questions regarding this request, please contact me at winkler.susan@gmail.com.  I look forward to receiving your response within the twenty day statutory time period.  Thank you for your consideration of this request.

Sincerely,

/s/  Susan Winkler

Susan Winkler
Winkler Law LLC
120 Holmes Street, Suite 313
Quincy, MA 02171
(617) 642-6671

Exhibit B

September 2, 2020

VIA EMAIL
vhamarionilfoia@va.gov

Deanna Duncan (or alternate)
Freedom of Information Act Officer
Marion VA Medical Center
2401 West Main Street
Marion, IL 62959

RE:   <u>Freedom of Information Act Request</u>

Dear Ms. Duncan:

This is a request under the Freedom of Information Act.  I hereby request copies of:

> All purchase orders and invoices regarding (1) N-95 masks; (2) face shields; and (3) nitrile gloves; and (4) gowns that were purchased by your Marion, Illinois and Evansville, Indiana facilities between March 15 and April 30, 2020.  This request includes, without limitation, all purchases from all suppliers.

If it assists you in your search, we believe the purchasing officer for Marion, Illinois was Russel L. Kelly, and the purchasing officer for Evansville, Indiana was Crystal Whitmore.  If the request for information from the Evansville VA Health Care Center should be forwarded to a different FOIA office, please let me know.  The two centers are listed together on the VA's website.

As FOIA requires, please release all reasonably segregable nonexempt portions of documents.

Please note that 5 U.S.C. Section 552(a)(4)(A)(iv)(II) requires that you provide the first 100 copies to me at no charge.  Electronic production by email to winkler.susan@gmail.com is acceptable.  Further, I am requesting a waiver of all fees under 5 U.S.C. Section 552(a)(4)(A)(iii).  The information I seek is in the public interest because it will contribute significantly to public understanding of the operations or activities of the government during the pandemic, and is not primarily in my commercial interest.  If the fee for production is expected to exceed $35.00, please contact me first to discuss the cost before proceeding beyond the first 100 copies.

If you have any questions regarding this request, please contact me at winkler.susan@gmail.com.  I look forward to receiving your response within the twenty day statutory time period.  Thank you for your consideration of this request.

Sincerely,

/s/  Susan Winkler
Susan Winkler
Winkler Law LLC
120 Holmes Street, Suite 313
Quincy, MA 02171
(617) 642-6671

Exhibit C

September 2, 2020

<u>VIA EMAIL</u>
Augusta509foiarequests@va.gov

Shawana Burch Williamson (or alternate)
Freedom of Information Act Officer
Charlie Norwood VA Medical Center
1 Freedom Way (00)
Augusta, GA 30904

RE:   <u>Freedom of Information Act Request</u>

Dear Ms. Burch:

This is a request under the Freedom of Information Act.  I hereby request copies of:

> All purchase orders and invoices regarding 3-ply non-medical masks purchased by your facility between May 15 and June 15, 2020.  This request includes, without limitation, all one-time purchases from all suppliers.

As FOIA requires, please release all reasonably segregable nonexempt portions of documents.

Please note that 5 U.S.C. Section 552(a)(4)(A)(iv)(II) requires that you provide the first 100 copies to me at no charge.  Electronic production by email to winkler.susan@gmail.com is acceptable.  Further, I am requesting a waiver of all fees under 5 U.S.C. Section 552(a)(4)(A)(iii).  The information I seek is in the public interest because it will contribute significantly to public understanding of the operations or activities of the government during the pandemic, and is not primarily in my commercial interest.  If the fee for production is expected to exceed $35.00, please contact me first to discuss the cost before proceeding beyond the first 100 copies.

If you have any questions regarding this request, please contact me at winkler.susan@gmail.com.  I look forward to receiving your response within the twenty day statutory time period.  Thank you for your consideration of this request.

Sincerely,

/s/  Susan Winkler

Susan Winkler
Winkler Law LLC
120 Holmes Street, Suite 313
Quincy, MA 02171
(617) 642-6671

Exhibit D

September 1, 2020

VIA EMAIL
Vhatog_foia@va.gov

Austin Brown (or alternate)
Freedom of Information Act Officer
Togus VA Medical Center
1 VA Center
Augusta, Maine 04330

RE:  Freedom of Information Act Request

Dear Ms. Johnson:

This is a request under the Freedom of Information Act.  I hereby request copies of:

> All purchase orders and invoices regarding N-95 masks purchased by your facility between May 1 and June 15, 2020.  This request includes, without limitation, all purchases from all suppliers.

As FOIA requires, please release all reasonably segregable nonexempt portions of documents.

Please note that 5 U.S.C. Section 552(a)(4)(A)(iv)(II) requires that you provide the first 100 copies to me at no charge.  Electronic production by email to winkler.susan@gmail.com is acceptable.  Further, I am requesting a waiver of all fees under 5 U.S.C. Section 552(a)(4)(A)(iii).  The information I seek is in the public interest because it will contribute significantly to public understanding of the operations or activities of the government during the pandemic, and is not primarily in my commercial interest.  If the fee for production is expected to exceed $35.00, please contact me first to discuss the cost before proceeding beyond the first 100 copies.

If you have any questions regarding this request, please contact me at winkler.susan@gmail.com.  I look forward to receiving your response within the twenty day statutory time period.  Thank you for your consideration of this request.

Sincerely,

/s/  Susan Winkler

Susan Winkler
Winkler Law LLC
120 Holmes Street, Suite 313
Quincy, MA 02171
(617) 642-6671

Exhibit E

September 2, 2020

VIA EMAIL
centraliowavafoia@va.gov

Laurel Williamson (or alternate)
Freedom of Information Act Officer
VA Central Iowa Health Care System
3600 30th Street
Des Moines, Iowa 50310

RE:  Freedom of Information Act Request

Dear Ms. Williamson:

This is a request under the Freedom of Information Act.  I hereby request copies of:

> All purchase orders and invoices regarding N-95 masks purchased by your facility between April 1 and April 30, 2020.  This request includes, without limitation, all one-time purchases from all suppliers.

As FOIA requires, please release all reasonably segregable nonexempt portions of documents.

Please note that 5 U.S.C. Section 552(a)(4)(A)(iv)(II) requires that you provide the first 100 copies to me at no charge.  Electronic production by email to winkler.susan@gmail.com is acceptable.  Further, I am requesting a waiver of all fees under 5 U.S.C. Section 552(a)(4)(A)(iii).  The information I seek is in the public interest because it will contribute significantly to public understanding of the operations or activities of the government during the pandemic, and is not primarily in my commercial interest.  If the fee for production is expected to exceed $35.00, please contact me first to discuss the cost before proceeding beyond the first 100 copies.

If you have any questions regarding this request, please contact me at winkler.susan@gmail.com.  I look forward to receiving your response within the twenty day statutory time period.  Thank you for your consideration of this request.

Sincerely,

/s/  Susan Winkler

Susan Winkler
Winkler Law LLC
120 Holmes Street, Suite 313
Quincy, MA 02171
(617) 642-6671

Exhibit F

| | |
|---|---|
| **From:** | Susan Winkler <winkler.susan@gmail.com> |
| **Sent:** | Wednesday, September 2, 2020 8:45 AM |
| **To:** | vhafoia2@va.gov |
| **Subject:** | FOIA Requests |
| **Attachments:** | FOIA Final Augusta ME VA.pdf; FOIA Final Des Moines Iowa VA (1).pdf; FOIA Final Augusta GA VA.pdf |

Dear VHA Central Office,

I have tried reaching out directly to the VA centers who have FOIA contacts listed on-line in connection with FOIA requests for purchase orders and invoices connected to purchases of N-95 masks by two particular VA centers and 3-ply non-medical masks by a third VA center during specified weeks during the pandemic.

For two of the centers (Maine and Iowa) the emails were returned as not deliverable because the address provided on-line is restricted; for the third (Georgia) the email was returned as not deliverable because the address couldn't be found (I double checked the on-line listing - Augusta509foiarequests@va.gov is correct as listed).  The centers for which the on-line filings could not be completed are:

1.  Charlie Norwood VA Medical Center, Augusta, Georgia
2.  Togus VA Medical Center, Augusta, Maine
3.  VA Central Iowa Health Care System, Des Moines, Iowa

I have attached the specific requests hereto.  Can you please help route these FOIA requests to the appropriate responder?

Any assistance is very much appreciated.

Thank you!

Susan Winkler
617-642-6671